IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARY JANE BENJAMIN,

    Plaintiff,                      CASE NO.: 2:21-cv-00328-JLB-NPM

vs.

WESTERN WORLD INSURANCE COMPANY,

    Defendant.

_____/

**WESTERN WORLD INSURANCE COMPANY'S
MOTION TO STRIKE PLAINTIFFS' EXPERT WITNESS DISCLOSURE OF
ROBERT DAY, P.E. AND SEAN BAUMGARTNER AND PROHIBIT EXPERT
WITNESS TESTIMONY AT TRIAL AND MEMORANDUM OF LAW IN
SUPPORT**

Defendant, WESTERN WORLD INSURANCE COMPANY ("Western World"), by and through its undersigned counsel and pursuant to applicable Federal Rules of Civil Procedure, the Local Rules and the Court's Scheduling Order, herein files its motion to strike the Plaintiff, Mary Jane Benjamin ("Plaintiff") expert witness disclosure submitted on January 14, 2022, and in support thereof states:

**INTRODUCTION AND BACKGROUND INFORMATION**

1. The Plaintiff, as insured, brought a one count complaint sounding in breach of contract against Western World, arising from a claim for insurance benefits arising from Hurricane Irma in September 2017.

2. On July 7, 2021 13, 2021, this Honorable Court entered its Case Management and Scheduling Order. [DE 16] (the "Scheduling Order"). The Order specifically provided that Plaintiff must disclose any expert reports by December 10, 2021.

3. However, in violation of the Court's Scheduling Order, Plaintiff failed to disclose any expert report by December 10, 2021. Instead, Plaintiff waited until January 14, 2022 (after Western World's timely disclosure also on January 14, 2022) to disclose their intention to utilize Robert Day, P.E. ("Mr. Day") to testify as to the cause and origin of damages at the insured property and Sean Baumgartner ("Mr. Baumgartner") to testify as an expert to price and scope.

4. Plaintiff failed to seek an extension from the Court or Western World's Counsel prior to the passage of the deadline or after the December 10, 2021 deadline had passed; instead, Plaintiff simply elected to disclose Mr. Day and Mr. Baumgartner over one month following the expiration of such deadline as set forth in the Scheduling Order, and after having received Western World's timely disclosure.

5. Plaintiff has not provided the Court with a motion detailing that the Plaintiff failed to act because of excusable neglect pursuant to Federal Rule of Civil Procedure 6(b)1(B).

6.      Plaintiff's expert witness disclosure of Mr. Day and Mr. Baumgartner was submitted in violation of the Court's Scheduling Order. The motion to strike Mr. Day and Mr. Baumgartner as Plaintiff's expert witnesses should be granted. The legal reasoning is set forth in the incorporated memorandum of law.

## MEMORANDUM OF LAW

**I.    UNTIMELY COMPLIANCE WITH THE EXPERT WITNESS DISCLOSURE REQUIREMENTS AS PER RULE 26(a)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Rule 26(a)(2) a party must disclose to the other parties the identity of any witness it may use at trial to present evidence and must make these disclosures *at the times and in the sequence that the court orders.* . . . *Custom Foam Works adv. Hydrotech Systems, Ltd.*, 2011 WL 2161106 *1 (S.D. Ill. 2011). There, the court granted the plaintiff's motion to strike the untimely expert opinion witness testimony and to bar the defendants from presenting expert witness testimony at trial. It reasoned that the defendant's production of their expert witness reports was not timely and, therefore, were stricken. The defendant could have, but did not, request a Rule 16 conference to obtain an amended scheduling order. With neither a stipulation nor a court order in place pursuant to Rule 26(a)(2)(D), the date by which expert rebuttal witnesses had to be disclosed defaulted to 30 days after the other party's disclosure. The defendants disclosed their rebuttal witnesses on April 29, 2011, more than three-and-one-half months after the plaintiff

disclosed its expert and provided the expert witness report. *Custom Foam,* 2011 WL 2161106 *2.

The 11th Circuit Court of Appeals in *Reese vs. Herbert,* 527 F.3d 1253, 1265 (11th Cir. 2008) rejected the request for introduction of the untimely expert witness disclosure. It reasoned that the attorney for the plaintiff could have, but did not, file a motion to extend the discovery period to permit the proper disclosure. The plaintiff provided the court with no excuse for the failure to do so. Because the expert witness discovery rules are designed to allow both sides in a case to prepare their case adequately and to prevent surprise, compliance with the requirements of
Rule 26 is not merely aspirational. *Daniels vs. Jacobs,* 2017 WL 6350599 *5 (N.D. GA 2017) *citing Reese,* 527 F.3d at 1266. In fact, the court in *Daniels,* 2017 WL 6350599 *5 further stated the following:

> Compliance with Rule 26's expert witness disclosure requirements are mandatory and self-executing. The Purpose of the rule is to safeguard against surprise. A failure to comply with the expert witness disclosure requirements may result in the striking of the expert witness reports or the preclusion of expert witness testimony. Courts routinely strike expert reports or exclude expert witness testimony which is not timely disclosed, even if the consequence is to preclude a party's entire claim or defense.

*Id.*

While preclusion is an appropriate sanction for the failure to comply with the expert witness disclosure requirements, a court has great discretion in deciding whether to impose such a sanction. *Daniels,* 2017 WL 6350599 *5 *citing Warren vs. Delvista Towers Condo. Ass'n,* 2014 U.S. Dist. LEXIS 104069 at *3-4 (S.D. Fla. July 30, 2014) (granting motion to strike defendant's untimely expert witness disclosures); *see also Richards vs. Platz,* 920 F.Supp.2d 1316, 1327-28 (N.D. Ga. 2013) (rejecting the defendant's contention that the court should excuse their late [expert] disclosure because the plaintiff will not suffer any prejudice because "***the standard for striking untimely expert testimony is not whether the opposing party is prejudiced, but whether the proffering party's failure to comply was justified.*** . . .the defendant's argument that their expert testimony is '*imperative*' also fails. The relevant standard is ***justifiable delay;*** the necessity of the expert witness testimony in no way relates to the defendant's justifications for the late disclosures. . . ..the defendants have failed to show that the delay is justifiable. . ..").

The court in *Daniels* granted the defendant's motion to strike the plaintiff's expert witness disclosure. The plaintiff simply filed the expert declarations without seeking permission from the court to do so and filed one of them in response to the defendant's motion for summary judgment. The plaintiff in *Daniels* failed to offer a ***substantial justification*** for the failure to seek permission from the court prior to filing the untimely expert witness disclosures. Such conduct

precluded the defendant the chance to depose the expert and/or engage in a contrary expert on the same topic. *Daniels*, 2017 WL 6350599 *5.

## II. RULE 37 OF THE FEDERAL RULES OF CIVIL PROCEDURE MANDATES THAT PLAINTIFFS' UNTIMELY DISCLOSURE OF MR. DAY and MR. BAUMGARTEN SHOULD BE STRICKEN

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, the failure by party to identify a witness as required by Rule 26(a) or (e) prohibits such party from using the witness to supply evidence at trial "*unless the failure was substantially justified or is harmless*". See Fed.R.Civ.P. 37(c)(1). The determination of whether a late expert witness disclosure should be allowed is entrusted to the district court. *Custom Foam,* 2011 WL 2161106 *2; *Daniels adv. Jacobs,* 2017 WL 6350599 (N.D. GA 2017); *OFS Fitel, LLC adv. Epstein,* 549 F.3d 1344 (11th Cir. 2008) (a district court clearly has the authority to exclude an expert's testimony where a party has failed to comply with Rule 26(a) unless the failure was substantially justified or is harmless).

Here, Plaintiff is without justification for its conduct. As set forth above, it could have done any of the following had it believed it would have an issue with the compliance with the scheduling order: (i) move for a continuance of the disclosure of the expert witnesses; (ii) request a Rule 16 case management conference to express to the court its difficulties in the coordination and the disclosure of expert witnesses; (iii) filed a motion for leave of court to file the late

expert witness disclosures and submit a showing of good cause to attempt to justify the late disclosures or (iv) some other similar type of activity that would have notified the undersigned and the court of any difficulties that Plaintiff was having regarding the disclosure. Instead, the Plaintiff sat idly by – received Western World's expert disclosure - looked the other way in the production of the untimely disclosures and hoped for the best. This is litigation by ambush. It is in direct contravention to the court's Scheduling Order and should be stricken as being not justified. It is harmful and prejudicial to Western World, as it had already timely disclosed its experts without the benefit of any notice of Plaintiff's intent to rely on the testimony of Mr. Day or Mr. Baumgarten. The conduct is restricting Western World's ability to prepare for trial. It matters not whether Plaintiff maintains that it requires the information for its case. It matters not whether Plaintiff maintains some other excuse for its non-compliance. The standard, here, is whether Plaintiff can show that its' delay was justified or harmless. It cannot. The motion for sanctions should be granted with the remedy of an order striking Plaintiff's introduction of or any reference to expert witnesses during trial.

## **CONCLUSION**

The Court's Scheduling Order means something. It is required to be followed by each party. Western World timely disclosed its expert in compliance with the Scheduling Order; when the tables were turned, however, Plaintiff did not, instead waiting over a month following the cut off to disclose its expert witness without leave of court and without a court order providing it with the authority to do so. The Scheduling Order is clear, the motion to strike should be granted. Western World would request any further relief – including reasonable attorneys' fees, costs, and expenses – that the court deems fair, just and equitable.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned counsel conferred with opposing counsel in a good faith effort via e-mail correspondence to resolve the issues raised in the motion on January 18, 2022, but was unable to resolve the issues set forth in the motion.

Dated: January 19, 2022

             Respectfully submitted,

             **CLAUSEN MILLER P.C.**

             */s/ Douglas M. Cohen*
             DOUGLAS M. COHEN, ESQ., FBN: 40857
             4830 West Kennedy Blvd., Suite 600
             Tampa, FL 33609
             Tel: (813) 519-1013
             dcohen@clausen.com;
             lbaez@clausen.com;
             karmour@clausen.com
             *Attorneys for Western World Insurance Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 19, 2022, I electronically served the foregoing document on all counsel of record.

Casey Clouchete, Esquire
Cohen Law Group
350 North Lake Destiny Road
Maitland, FL 32751
cclouchete@itsaboutjustice.law

**CLAUSEN MILLER P.C.**

*/s/ Douglas M. Cohen*
DOUGLAS M. COHEN, ESQ., FBN: 40857